UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF COAST BANK AND TRUST COMPANY | CIVIL ACTION |
| VERSUS | NO: 16-6644 |
| DESIGNED CONVEYOR SYSTEMS, LLC | SECTION: R |

### ORDER AND REASONS

Defendant Designed Conveyor Systems, LLC moves the Court for attorney fees and costs under Federal Rule of Civil Procedure 41(d). For the following reasons, the Court denies the motion.

## I.  BACKGROUND

Before this lawsuit was voluntarily dismissed, plaintiff Gulf Coast Bank and Trust Company sought to collect amounts allegedly due under an invoice from defendant Designed Conveyor Systems, LLC ("DCS"). Gulf Coast filed this lawsuit in Civil District Court for the Parish of Orleans on April 6, 2016.[1] DCS removed the action to this Court and moved to dismiss Gulf Coast's complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and

---

[1] R. Doc. 1-1.

12(b)(6).[2] Instead of filing a response to DCS's motion, Gulf Coast voluntarily dismissed this lawsuit under Federal Rule of Civil Procedure 41(a)(1)(A)(i) on June 2.[3] Gulf Coast then filed another complaint against DCS in the 19th Judicial District Court for the Parish of East Baton Rouge.[4]

DCS now moves the Court to award attorney fees and costs under Rule 41(d).[5] In support, DCS argues that Gulf Coast voluntarily dismissed this lawsuit and then reasserted nearly identical claims in a second complaint in a different court. Gulf Coast opposes the motion, arguing (1) that this Court is powerless to award attorney fees and costs in light of Gulf Coast's voluntary dismissal of this lawsuit, and (2) that even if the Court could award attorney fees and costs, the circumstances of this case do not warrant Rule 41(d) relief.[6]

---

[2] R. Doc. 10. In the alternative, DCS asked the Court to transfer this case to the United States District Court for the Middle District of Tennessee.

[3] R. Doc. 11.

[4] R. Doc. 12-2 at 1.

[5] R. Doc. 13. That rule provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i).

[6] R. Doc. 12. Gulf Coast also argues that Rule 41(d) awards are limited to costs and may not include attorney fees. Because the Court finds that Rule 41(d) relief is not warranted under the circumstances of this case, it does not reach this issue.

## II.   DISCUSSION

DCS asserts that it is entitled to attorney fees and costs associated with its defense of the now-dismissed action before this Court under Rule 41(d). That rule provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

To begin, Gulf Coast's contention that the Court is powerless to grant Rule 41(d) relief lacks merit.  Although a voluntary dismissal divests the court of jurisdiction to decide the merits of the action, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).  As the Supreme Court has held, permissible collateral issues include, among other things, "the imposition of costs, attorney's fees, and contempt sanctions, [and] the imposition of a Rule 11 sanction."  *Id.* at 396; *see also Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (expanding the *Cooter & Gell* list to include pre-filing injunctions).  Thus, the Court's jurisdiction to consider DCS's motion for attorney fees and costs under Rule 41(d) survives Gulf Coast's voluntary dismissal.  *See Brown v. Cabell Fin. Corp.*, No. 5:05CV 962,

2010 WL 1486486, at *1 (N.D. Ohio Apr. 13, 2010) (finding that court had authority to impose Rule 41(d) sanctions after the case before it was voluntarily dismissed); *United Rentals (N. Am.), Inc. v. Nardi*, No. CIV. 302CV995 PCD, 2002 WL 32173531, at *1 (D. Conn. Sept. 24, 2002) (same).

Nonetheless, the Court finds that Rule 41(d) relief is not warranted under the circumstances of this case. The decision to impose costs under Rule 41(d) is within the broad discretion of the trial court. *See Meredith v. Stovall*, 216 F.3d 1087 (10th Cir. 2000); *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996). "The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs of prior instances of such vexatious conduct." *United Transp. Union v. Maine Central R.R. Co.*, 107 F.R.D. 391, 392 (D. Me. 1985). A court may refuse to impose costs on the plaintiff if it appears that there was good reason for the dismissal of the prior action. *G.C. & K.B. Investments, Inc. v. Fisk*, No. CIV.A. 01-1256, 2002 WL 27772, at *7 (E.D. La. Jan. 8, 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2375 (2d ed. 1987).

Here, Gulf Coast voluntarily dismissed this lawsuit after DCS filed a Rule 12 motion challenging, among other things, whether this Court was a proper venue for the litigation. Gulf Coast then filed a second complaint against DCS

4

in the Nineteenth Judicial District Court for the Parish of Baton Rouge, which, Gulf Coast argues, is the parish of proper venue under the applicable articles of the Louisiana Code of Civil Procedure.[7]  Although DCS disputes whether Gulf Coast's filing actually solved the venue defect, the merits of this issue have not been briefed by the parties and are not properly before this Court.  Because Gulf Coast re-filed this lawsuit in an *attempt* to correct an issue identified in DCS's Rule 12 motion, the Court finds that Gulf Coast had good reason to dismiss the first complaint.  *See United Rentals*, 2002 WL 32173531, at *1 (denying Rule 41(d) motion when plaintiffs dismissed the first action in an "attempt to address personal jurisdiction defects" as to certain defendants).  Thus, DCS's motion for attorney fees and costs under Rule 41(d) is denied.

---

[7] R. Doc. 13 at 5.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for attorney fees and costs.

New Orleans, Louisiana, this 22nd day of July, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE